UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JOHN DOE,                                                    CASE NO: 1:19-cv-5357

                           Plaintiff,

                                                             **COMPLAINT**

           - against -

COLUMBIA UNIVERSITY and
TRUSTEES OF COLUMBIA UNIVERSITY,

                           Defendants.
-----------------------------------------------------------x

       Plaintiff John Doe[1]  (hereinafter as "Plaintiff"), a former graduate student of Columbia University, by his attorneys, KEVIN KERVENG TUNG, P.C., and for his complaint against defendants, COLUMBIA UNIVERSITY and TRUSTEES OF COLUMBIA UNIVERSITY, respectfully alleges:

### PARTIES, JURISDICTION AND VENUE

    1.     Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. § 1332.

    2.     Plaintiff is a Chinese citizen residing in Kunming City, Yunnan Providence, China. During the events described herein, John Doe was a student at Columbia University.

    3.     Upon information and belief, Defendant Columbia University is a private Ivy League University located in the Upper Manhattan area of New York City. Upon information and belief, Columbia University operates under a 1787 charter that places the institution under a Board of Trustees, namely, the Trustees of Columbia University in the City of New York.

---

[1]  Plaintiff's Motion to proceed anonymously as "John Doe" is filed simultaneously.

4.      There is complete diversity of citizenship between the Plaintiff and the Defendants.

5.      The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      This Court has personal jurisdiction over Defendants because Columbia University is conducting business in the State of New York.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

8.      Plaintiff seeks redress against the Defendants, Columbia University and the Trustees of Columbia University, due to the actions, omissions, errors, and the flawed procedures, and/or negligence and overall failure to provide Plaintiff with an expected standard of due process, concerning the wrongful allegations of dishonesty made against John Doe, a male, graduate student at Columbia University in good standing.

9.      In 2017, Columbia University admitted Plaintiff, a Chinese citizen, to its one-and-a-half-year-long graduate program in the School of Professional Studies. Plaintiff entered the United States under student visa in fall 2017, started the program since then, and was expected to receive a mater degree in December 2018. As of today, Plaintiff has paid tuitions in full, substantially completed all coursework at Columbia University, and maintained a GPA of 3.3.

10.     Notwithstanding the foregoing, Columbia University refused to award master

2

degree to Plaintiff, arbitrarily and capriciously expelled him from campus in or about November 2018, revoked his student visa, and forced him to immediately leave the United States.

11.     On or about September 4, 2018, Plaintiff received an email notice from Columbia University which, in pertinent parts, stated that "Student Conduct and Community Standards has received a report dated August 31 2018 regarding your alleged involvement in the following prohibited behavior: Dishonesty… Specifically, it is alleged that false information was submitted within your application for admission to Columbia University. A Dean's Discipline hearing has been scheduled to discuss this incident [on] Thursday, September 13, 2018 at 10:00 am".

12.     The foregoing notice did not mention what information within Plaintiff's application for admission was allegedly false. Neither did this notice set forth why Columbia University believed that the information in Plaintiff's application for admission was allegedly false. Therefore, Plaintiff was unaware of the factual basis underlying Columbia University's accusation, and as such was not given reasonable notice enabling him to meaningfully prepare for the hearing.

13.     On or about September 13, 2018, Plaintiff had a telephonic conference with a panel of three people from Columbia University. During this phone call, however, no one from Columbia University pointed to any piece of information in Plaintiff's admissions materials that was allegedly false. No one asked Plaintiff whether and why any part of Plaintiff' application materials was false. The panel members just broadly and vaguely accused Plaintiff of submitting false information, and tried to coerce Plaintiff into a confession. Unaware of the nature of the charge, Plaintiff was unable to meaningfully defend himself against the accusation of dishonesty.

14.     Even as of today, Plaintiff is unaware of which admissions material was alleged

3

by Columbia University to be false.

15.     After the phone call, on the same day, Columbia University sent an email letter to Plaintiff, alleging that Plaintiff was found to be responsible for the prohibited behavior of "Dishonesty" and was expelled from The School of Professional Studies at Columbia University. This letter further provides that

> "Expulsion from The School of Professional Studies is a permanent separation from Columbia University and renders you ineligible to return at any time in the future. Therefore, you are prohibited from continuing your studies or enrolling at any school within Columbia University. The terms of your expulsion are effective immediately, even if you choose to appeal this decision."

16.     Again, however, besides the conclusory allegation of "dishonesty", nowhere in this letter explained, or even mentioned, how Plaintiff was purportedly dishonest. As such, Columbia University acted arbitrarily in deciding to expel Plaintiff, and Plaintiff duly appealed this decision.

17.     Upon information and belief, after Plaintiff appealed, Columbia University vacated the decision and allowed Plaintiff to continue his studies. This is evident by the fact that, after September 13, 2018, Plaintiff continued to have access to the school buildings, and was able to attend courses, to submit coursework, and to log into his student account.

18.     It was not until November 19, 2018, weeks before Plaintiff was expected to receive the master degree, did Columbia University issue a second letter decision to expel Plaintiff. This time, however, Plaintiff was not even given a hearing or a notice of hearing.

19.     Shortly after receiving the November 19, 2018 letter, Plaintiff found that he was denied access to the school buildings and could not log into his student account.

20.     At all times relevant herein, Columbia University warned Plaintiff not to seek advise from attorneys.

21.     As a result of Defendants' actions, Plaintiff's entire academic career is ruined and, without a degree from Columbia University, his overall economic future is completely compromised.

22.     Without appropriate redress, the Columbia University's arbitrary and capricious decision will continue to cause irreversible damages to Plaintiff, with no end in sight. Plaintiff seeks redress from this Court to undo the wrongs occasioned by Columbia University on his education and future.

## AS AND FOR THE FIRST CLAIM
### Breach of Contract

23.     Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

24.     An implied contract is formed when Columbia University accepted Plaintiff for enrollment. Under the contract, if Plaintiff complies with the terms prescribed by the university and completes the required courses, the university must award him a degree. The university cannot take the student's money, allow him to remain and waste his time in whole or in part, and then arbitrarily expel him or arbitrarily refuse to confer on him the degree.

25.     The terms of the implied contract are contained in the university's bulletins, circulars and regulations made available to the students.

26.     According to Columbia University's Standards and Discipline, a Dean's

Discipline hearing is required before sanctioning a student. Before the Dean's Discipline hearing, notice shall be sent via University e-mail and shall include a summary of the allegations made against the student. During the hearing, the student should be "presented with the information pertaining to the allegation that [he] has violated policy(ies)." After the hearing, the student shall not be imposed excessive sanction.

27.    Based on the aforementioned facts and circumstances, Columbia University breached contract with Plaintiff.

28.    Columbia University committed several breaches of contract with Plaintiff, including, without limitations:

    a)   Besides the broad, vague and conclusory accusation of "dishonesty", the notice for the September 13, 2018 hearing did not include a summary of the allegations made against Plaintiff. This notice is defective because it fails to mention what admissions materials submitted by plaintiff were purportedly false, and as such, Plaintiff was deprived of the opportunity to prepare himself for the hearing;

    b)   The September 13, 2018 hearing was held over telephone, so that Columbia University did not show to Plaintiff during the hearing any documents which were allegedly false. Neither was Plaintiff given the opportunity to confront Defendants' witnesses. As such, Plaintiff was not "presented with" the purportedly false information pertaining to the allegation that he was dishonest;

    c)   Before issuing the second letter decision to expel Plaintiff on November 19, 2018, Columbia University did not serve any prior notice and did not conduct

6

any hearing;

d)   Since Columbia University was unable to show how Plaintiff was dishonest, the

sanction of expulsion is apparently excessive; and

e)   Columbia University took Plaintiff's money, allowed him to remain and wasted

his time for one and a half years, and then arbitrarily expelled him and refused

to confer on him the degree.

29.    As a direct and foreseeable consequence of these breaches, Plaintiff sustained

tremendous damages, including, without limitation, emotional distress, loss of educational

opportunities, economic injuries and other direct and consequential damages, in an amount not less

than $2,000,000.

30.    Plaintiff is entitled to recover damages for Columbia University's breach of the

contractual obligations described above.

31.    As a direct and proximate result of the above conduct, actions and inactions,

Plaintiff has suffered physical, psychological, emotional and reputational damages, economic

injuries and the loss of educational opportunities.

32.    As a result of the foregoing, Plaintiff is entitled to damages in an amount to be

determined at trial, but no less than $2,000,000, plus prejudgment interest, attorneys' fees,

expenses, costs and disbursements.

## AS AND FOR THE SECOND CLAIM
### Breach of Covenant of Good Faith and Fair Dealing

33.    Plaintiff repeats and realleges each and every allegation hereinabove as if fully

set forth herein.

34.     Based on the aforementioned facts and circumstances, Columbia University
failed to act in good faith in dealing with Plaintiff and thus breached and violated the covenant of
good faith and fair dealing implied in the agreement(s) with Plaintiff.

35.     As a direct and foreseeable consequence of these breaches, Plaintiff sustained
tremendous damages, including, without limitation, emotional distress, loss of educational
opportunities, economic injuries and other direct and consequential damages, in an amount not less
than $2,000,000.

36.     Plaintiff is entitled to recover damages for Columbia University's breach of the
express and/or implied contractual obligations described above.

37.     As a result of the foregoing, Plaintiff is entitled to damages in an amount to be
determined at trial, but no less than $2,000,000, plus prejudgment interest, attorneys' fees,
expenses, costs and disbursements.

### AS AND FOR THE THIRD CLAIM
### Arbitrary Expulsion

38.     Plaintiff repeats and realleges each and every allegation hereinabove as if fully
set forth herein.

39.     A university, whether private or public, cannot arbitrarily expel a student without
due process.

40.     However, in deciding to expel Plaintiff, Columbia University denied Plaintiff his
due process, including but not limited to:

8

a)   the right of a hearing during which Plaintiff should be presented with the information pertaining to the alleged dishonesty;

b)   the right to a pre-hearing notice which shall include a summary of the factual basis underlying the alleged dishonesty claim against Plaintiff; and

c)   the right to counsel.

41.   As such, Columbia University acted arbitrarily and capriciously in deciding to expel Plaintiff on September 13, 2018 and on November 19, 2018.

42.   Therefore, the action of Columbia University in expelling Plaintiff and barring him from the campus shall be nullified. Plaintiff should be immediately reinstated to Columbia University and be awarded mater degree.

## AS AND FOR THE FOURTH CLAIM
### Declaratory Judgment

43.   Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

44.   Columbia University has committed numerous violations of the Parties' contracts and of Plaintiff's constitutional right of due process.

45.   Plaintiff's education and future career has been severely damaged. Without appropriate redress, the unlawful decision of expulsion will continue to cause irreversible damages to Plaintiff's educational career and future employment prospects, with no end in sight.

46.   As a result of the foregoing, there exists a justiciable controversy between the parties with respect to the outcome, permanency, and future handling of Plaintiff's formal student

record at Columbia University.

47.    By reason of the foregoing, Plaintiff requests, pursuant to 28 U.S.C. § 2201, a declaration that: (i) the outcome and findings made by Columbia University regarding the decision to expel Plaintiff for dishonesty be reversed; (ii) Plaintiff's reputation be restored; (iii) Plaintiff's disciplinary record be expunged; (iv) the record of Plaintiff's expulsion from Columbia University be removed from his education file; (v) the action of Columbia University in expelling Plaintiff and barring him from the campus be nullified; and (vi) Plaintiff be immediately reinstated to Columbia University and be awarded master degree.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court enter a judgment in his favor and against Defendants, as follows:

A.   Judgment awarding Plaintiff damages in an amount to be determined at trial, but not less than $2,000,000, including, without limitation, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational opportunities opportunities, and loss of future career prospects, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements;

B.   Judgment nullifying the action of Columbia University in expelling Plaintiff;

C.   Judgment reinstating Plaintiff to Columbia University and immediately awarding master degree to Plaintiff; and

D.   Judgment declaring that: (i) the outcome and findings made by Columbia University

regarding the decision to expel Plaintiff for dishonesty be reversed; (ii) Plaintiff's reputation be restored; (iii) Plaintiff's disciplinary record be expunged; (iv) and the record of Plaintiff's expulsion from Columbia University be removed from his education file.

## JURY DEMAND

Plaintiff hereby demands a trial on the merits by jury pursuant to Fed. R. Civ. P. 38.

Dated:   June 7, 2019

KEVIN KERVENG TUNG, P.C.
*Attorneys for Plaintiff*

By: /s/ Kevin K. Tung
Kevin K. Tung, Esq.
Queens Crossing Business Center
136-20 38th Ave., Suite 3D
Flushing, New York 11354
(718) 939-4633